UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

      Plaintiff,

v.                                                                             Case No. 13-mc-50297
                                                                  Paul D. Borman
BERNARD GLIEBERMAN and                                  United States District Judge
BERNARD GLIEBERMAN REVOCABLE
LIVING TRUST,                                                            R. Steven Whalen
                                                                  United States Magistrate Judge

      Defendants.
_____/

**OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (DKT. NO. 119)**

On August 15, 2013, the Court granted Plaintiff BR North 223, LLC's Emergency Motion to Seize and Transfer Property of Debtor to Satisfy Judgment. (Dkt. No. 115). Now before the Court is Defendants Bernard Glieberman, individually, and Bernard Glieberman, as Trustee of the Bernard Glieberman Revocable Living Trust (the "Trust"), Motion for Reconsideration, filed on August 29, 2013. (Dkt. No. 119). For the reasons stated below the Court DENIES Defendants' motion.

**I.      BACKGROUND**

Defendant Glieberman is a former real estate developer who resides in Bloomfield Hills, Michigan. After the real estate collapse in 2007/2008, Defendant Glieberman defaulted on multiple loan obligations. (Dkt. No. 115, Ex. 3, Glieberman Aff. ¶ 2). To this end, "more than $200,000 million" in judgments have been entered against Defendant Glieberman and his related entities. (*Id.*).

Plaintiff filed suit against Defendants in the United States District Court for the Eastern

District of California.  On March 26, 2012, Plaintiff's Motion for Default Judgment was granted and an Order in favor of Plaintiff and against Defendants for $81,170,331.74 was entered.  On February 26,2013, Plaintiff filed a Certification of the default judgment order in this Court.

The Bernard Glieberman Revocable Living Trust is the sole shareholder in Strathmore Finance Company, Inc., Tralon Corp. and Renegades Management, Inc.  (*Id*. at ¶ 3).  Plaintiff seeks, through its Emergency Motion to Seize and Transfer Property of Debtor to Satisfy Judgment, an order of execution requiring the Trust to transfer all the stock in the aforementioned companies to Plaintiff to satisfy the March 26, 2012 default judgment.  (Dkt. No. 104).

Defendants argue that the stock is protected by a December 21, 2009 Consent Order entered in Oakland County Michigan Circuit Court.[1]  (Dkt. No. 115).  Defendants also claimed futility, arguing the assets have no value and therefore are not "assets."  In its August 15, 2013 Opinion and Order, this Court granted Plaintiff's Motion pursuant to the broad authority Michigan has given courts to aid in the execution of judgments. *Rogers v. Webster*, 779 F.2d 52, at *2 (6th Cir. 1985) (Table Decision); MICH. COMP. LAW § 600.6104; *see also* Fed. R. Civ. P. 69.  In its Opinion and Order, this Court held no previous court order prohibited the transfer of the stock, and that claiming futility was not a bar to the transfer.  (Dkt. No. 115 at 7).

Defendants now ask the Court to reconsider its decision based on five alleged palpable errors:

    (1)    the Court failed to consider the clear language of the December 21, 2009 Consent

---

[1]Plaintiff anticipated Defendants relying upon two other prior state court orders, however, Defendants did not refer to these orders in their response.  Rather, Defendants rely solely upon the December 21, 2009 Consent Order which by their own admission was not produced until July 18, 2013 - one day after Plaintiff filed its Emergency Motion. (Dkt. No. 105, Defs. Resp. at 6).

>    Order, and/or
>
> (2) the Court erred in finding Defendants' reliance on the December 21, 2009 Consent Order is undermined by their own actions and/or
>
> (3) the Court erred in failing to analyze and apply MCL §556.128, and/or
>
> (4) the Court erred in concluding Defendants' reliance on the December 21, 2009 Consent Order is not supported by Michigan Law, and/or
>
> (5) the Court's reliance upon certain case law was improper.

## II.  STANDARD OF REVIEW

Defendants' Motion is brought under E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

## III.  ANALYSIS

### (A)  The Court Failed to Properly Consider the December 21, 2009 Consent Order

Defendants maintain that the Trust is prohibited from transferring or encumbering any assets because of the December 21, 2009 Consent Order ("Consent Order") entered in an Oakland County Circuit Court.  The Consent Order provides in relevant part:

> Defendant Bernard Glieberman, as well as any person or entity acting for [or on] his behalf or in active concert or participation with him is prohibited from transferring, selling, assigning, destroying, concealing or encumbering any of

> defendant Bernard Glieberman's assets, real or personal property, now held or hereafter acquired by or due to defendant Bernard Glieberman until further order of the Court or until the Judgment is satisfied.

(Defs. Resp., Ex. 1, Dec. 21, 2009 Order ¶ 3).  The Defendants previously argued that Defendant Glieberman, as an individual, was prohibited from transferring assets from the Trust because the Trust was an alter ego of Defendant Glieberman and therefore fell under the purview of the Consent Order.  The Court rejected this argument because the Defendants' own actions after the Consent Order undermined and contradicted its argument and because Defendants' reliance on the Consent Order was not supported by Michigan law.

Defendants now argue that the Court failed to consider that Defendant Glieberman, as the Trustee of the Trust, was working "for [or on] his behalf or in active concert or participation" with Defendant Glieberman, as an individual.  Defendants conclude such action is prohibited by the clear language of the Consent Order.

Defendants' current argument is rejected for the same reason the Court found Defendants' alter ego argument to be lacking: Defendants subsequent actions contradict this argument.  (*See* Dkt. No. 115).  *Both* Defendants entered into a stipulated charging order pursuant to MCL § 450.4507 in Oakland County Circuit Court on February 6, 2013.  (Dkt. No. 104, Ex. 1, Charging Order).  Further, Defendants entered into multiple consent judgments after the Consent Order was entered.  (*Eg*. Defs.' Resp. Ex. 8, May 6, 2010 Stipulated Consent Order of Judgment, Pg. ID 602-03).  These actions contradict the Consent Order.  Therefore, the Court finds no palpable error in its consideration of the Consent Order.

**B.    The Court Erred in finding Defendants' own Actions Undermined their own Argument**

In a related argument, Defendants contend that the Court palpably erred in finding that Defendants' own actions undermined its reliance on the Consent Order.  Defendants claim the

Court failed to consider that the 2013 Charging Order is not a transfer or encumbrance of Defendant Glieberman's assets pursuant to MCL § 450.4507.  Further, Defendants contend that Defendant Glieberman had previously pledged his 1% interest in Lontray at the time of the Charging Order and there was an uncured default under that Pledge agreement and therefore had no right to any distributions.[2]  (*See* Dkt. No. 119, Def's Br. Ex. 1).  Defendants argue that the multitude of stipulated orders that Defendants had entered into are merely an acknowledgment of preexisting liability and/or debt.

The Court disagrees with Defendants' arguments that the 2013 Charging Order is not an encumbrance on an asset.  Section 450.4507 states in relevant part:

> (5) A charging order **is a lien on the membership interest of the member** that is the subject of the charging order. However, a person may not foreclose on that lien or on the membership interest under this act or any other law, and the charging order is not an assignment of the member's membership interest for purposes of section 505(4).

MICH. COMP. LAWS § 450.4507 (emphasis added).  The statute itself defines a charging order as a lien.  A lien by its very nature encumbers the asset or the property to which it is attached. Although it is clear from the language of the statute that such an order cannot result in a transfer of the interest, that does not negate the fact that a charging order is a *lien against an interest* such that the interest could not be collected by Defendants or some other creditor.  The Consent Order stated that Defendant Glieberman could not encumber any of his assets - this Charging Order belies that fact.

Further, the Court should note that Defendants entered into multiple consent judgments after the entry of the Consent Order.  (*Eg*. Defs.' Resp. Ex. 8, May 6, 2010 Stipulated Consent

---

[2]There is nothing on the record regarding an uncured default. The pledge agreement which was filed under seal pledges the shares from one Glieberman company to another.

Order of Judgment, Pg. ID 602-03; Dkt No. 116 at 11-14). These judgments remain part of the record and are enforceable against Defendants. Defendants' attempt to argue that a valid court judgment has no legal ramifications beyond an "acknowledgment of a debt" is disingenuous.

For these reasons, the Court finds it did not palpably err in its conclusion that the Defendants undermined their reliance on the Consent Order with their subsequent actions.

**(C)   The Court Erred in failing to apply MCL § 556.128**

Defendants next contend that the Court committed a palpable error by failing to apply or analyze MCL § 556.128. This is simply not so.

Section § 556.128 states, "the grantor in a conveyance reserves to himself an unqualified power of revocation, he is thereafter deemed still to be the absolute owner of the estate conveyed, so far as the rights of his creditors and purchasers are concerned." MICH. COMP. LAWS § 556.128. The Defendants previously argued that in light of § 556.128, Defendant Glieberman and the Trust were one and the same and no more than alter egos. Therefore, Defendants concluded that the Consent Order prohibited both Defendant Glieberman individually and also the Trust from transferring assets. To this end, Defendants relied upon the holding in *JP Morgan Chase Bank, NA v. Winget*, 901 F. Supp. 2d 955 (E.D. Mich. 2012), which found, "[a]s settlor, Winget owned the assets in the Winget Trust. *See* MCL § 556.128. The Winget Trust was essentially Winget's alter ego." *Id*. at 972.

As fully elaborated upon in its Opinion and Order, this Court rejected Defendants' conclusion by relying upon the rationale set forth by the Michigan Supreme Court: "[a] suit against one sued as an individual does not bind him as trustee..." *Bankers' Trust Co. Of Muskegon v. Forsyth*, 266 Mich. 517, 520 (1934), (Op. at 5-7). In support of this conclusion, the Court relied upon the Michigan Court of Appeals decision, *Eastern Savings Bank v. Citizens*

*Bank*, No. 240779, 2003 WL 22495588 (Mich. Ct. App. Nov. 4, 2003), which applied the *Bankers' Trust* rationale.  (Op. at 5-7).

In *Eastern Savings*, the plaintiff challenged the validity and priority of a lien recorded by the defendant on real property which was held in a revocable trust. *Eastern Savings*, at *1. The plaintiff, Eastern Savings Bank, claimed a mortgage lien interest on the property through a mortgage issued to "Frank J. DiSanto, Trustee of the Frank J. DiSanto Revocable Living Trust." *Id*. The defendant, Citizens Bank, obtained a consent judgment against Frank J. DiSanto, *individually*, and then obtained a levy captioned "Citizens Bank, Plaintiff v Frank DiSanto, Defendant" against the same real property. (*Id.* at *1-2). The defendant argued its levy was valid against the trust because "when a grantor in a conveyance reserves to himself an unqualified power of revocation, as the trust in this instant case, he is deemed the owner of the property being conveyed as far as it affects the rights of creditors and purchasers. See M.C.L. § 556.128." *Id*. at *2. Similar to the current action, defendant Citizens Bank, maintained that Frank J. DiSanto's creditors could reach any asset held in the revocable trust by relying upon § 556.128. *Id*. The Michigan Court of Appeals rejected defendant's argument stating, "we do not find the parties' cited authorities, statutory and otherwise, to be determinative of the precise issue at hand." *Id*. at *3. In finding for the plaintiff, the Michigan Court of Appeals applied the *Bankers' Trust* rationale and held the levy was void because

> the judgment which generated the levy of execution was taken in an action brought against Frank J. DiSanto, *an individual.* Moreover, the notice of levy was made in the context of that lawsuit brought against Mr. DiSanto, individually....[B]ecause the judgment obtained by Citizens was against Frank J. DiSanto, individually, while title to the real property levied on by Citizens was held by the Frank J. DiSanto Revocable Living Trust, Citizens' levy was therefore ineffective regarding the Cambridge property.

*Id*. at *4 (emphasis added).

As previously set forth in its Opinion and Order, this Court finds the *Bankers' Trust* rationale as applied in *Eastern Savings* persuasive.  Further, this Court went on to harmonize its reasoning with the *Winget* decision for the reasons: 1) the Winget Trust was a named defendant in *Winget*, whereas in the current action, the Trust is not named in the Consent Order, and 2) the guaranty at issue in *Winget* explicitly named the both defendants as being liable unlike the Consent Order in which the Trust is not specifically named. (Op. at 6-7).

Given the thorough treatment of this statute and supporting case law, Defendants' argument that the Court committed a palpable error by failing to analyze MCL § 556.128 is baseless.

**(D)    The Court Failed to Apply Appropriate Michigan Law**

Defendant contends the Court palpably erred by finding Defendants' reliance on the Consent Order was not supported by Michigan law.  Specifically, the Defendants argue that the Court "completely ignored the holding" of *JP Morgan Chase Bank, NA v. Winget*, 901 F. Supp. 2d 955 (E.D. Mich. 2012).  (Def. Br. at 16). This contention is not only without merit but also merely a re-hashing of Defendants' previous arguments.

As set forth *supra*, the Court examined *Winget* but found it factually distinguishable. (*See also* Op. at 6-7).  Further, "[a] motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted."  *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).   For these reasons, the Court finds no palpable error was committed.

**(E)    The Court Relied upon Inapposite Cases**

Finally, the Defendants argue that because *Bankers' Trust* and *Eastern Savings* "involve factual and legal issues that are distinctly different than the instant case" the Court erred in

relying upon them.  (Dkt. 119 at 18).

The *Eastern Savings* case involved real property held in a revocable trust and the effect of a legal judgment that only named the defendant as an individual rather than naming the defendant as trustee or the trust itself.  2003 WL 22495588 at *1.  The defendant, Citizens Bank, relied in part upon § 556.128 to argue that creditors could reach the assets held in the trust, namely the real property, because the trust was revocable.  *Id*. at *2.  The Michigan Court of Appeals rejected defendant Citizen Bank's arguments "statutory and otherwise" and held the reasoning in *Bankers' Trust* "persuasive."  *Id*. at *3.  The Michigan Court of Appeals quoted *Bankers' Trust* extensively:

> we here have two claims each of which [had] been prosecuted to a final judgment as being a liability of the plaintiff herein its trust capacity only.  Having been so adjudicated, the judgments entered in the respective suits cannot be changed in this equitable proceeding so as to render the trust company directly or individually liable thereon.
>
> A suit against one sued as an individual does not bind him as trustee...

*Id*. at *3-4 (italics omitted), *quoting Bankers' Trust*, 266 Mich. at 520.  Extrapolating that logic to the facts in *Eastern Savings*, the Michigan Court of Appeals found "where the judgment obtained by Citizens was against Frank J. DiSanto, individually and the title to the real property levied on by Citizens was held by [the revocable trust], Citizen's levy was therefore ineffective regarding the [real property]."  *Id*.

In the present case, Defendants similarly argue that a previous legal judgment (the Consent Order) which only named Defendant Glieberman in his individual capacity has the effect of binding the unnamed Trust.  Further, Defendants rely upon the same statute as defendant Citizens Bank to claim that where a trustee maintains the power of revocation the trust and the individual become one such that creditors may reach the property.  The Michigan Court

of Appeals found where there is a previous judgment that binds an individual alone that judgment cannot be expanded to include the individual in his capacity as a trustee.

The Court finds that under these similar circumstances *Eastern Savings* is analogous to the present case and therefore its reasoning applicable to the facts. Further, the Court finds the rationale in *Bankers' Trust* is applicable in the present case just as it was in *Eastern Savings* for these same reasons.

IV.     **CONCLUSION**

For these reasons, the Court DENIES Defendants' Motion for Reconsideration because it has failed to establish any "palpable error" in the Court's previous ruling or its interpretation of applicable case law.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2013.

s/Deborah Tofil  
Case Manager
