UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

   Plaintiff,         No. 13-50297

v.              District Judge Paul D. Borman
               Magistrate Judge R. Steven Whalen

BERNARD GLIEBERMAN, ET AL.,

   Defendants.
_____/

**OPINION AND ORDER**

   Bernard Glieberman was a long-time real estate developer. In his day, Mr. Glieberman was quite successful, and as late as 2007 had a net worth that exceeded $120,000,000. Over the years he had a direct or indirect ownership interest in over 100 entities. But, the bigger they are, the harder they fall, and following the collapse of the real estate and financial markets in 2007 and 2008, Mr. Glieberman's real estate development interests were, in his words, "wiped out," resulting in a default on numerous loans and over $200,000,000 in judgments.

   At issue in this case is an Eastern District of California default judgment for $81,170,331.74 against Mr. Glieberman and the Glieberman Revocable Living Trust ("the Trust"), and in favor of Plaintiff BR North 223, LLC. The judgment was registered in the Eastern District of Michigan on February 26, 2013. Before the Court are three motions to quash subpoenas *duces tecum*: (1) Defendants' Motion to Quash Plaintiff's Second Subpoena *Duces Tecum* to Defendants [Doc. #93]; (2) Defendants' Motion to Quash Nonparty Subpoenas *Duces Tecum* to Tracey Katzen and Lazzara & Company ("Lazzara") [Doc. #94]; and (3) Defendants' Motion to Quash Nonparty Subpoena *Duces*

*Tecum* to Lonie Glieberman [Doc. #110]. The Plaintiff issued all three subpoenas in furtherance of efforts to execute on the judgment. For the reasons discussed below, all three motions to quash will be DENIED.

## I.   FACTS

Bernard Glieberman is the trustee of the Bernard Glieberman Revocable Living Trust. Both Mr. Glieberman and the Trust personally guaranteed loans from Plaintiff, and both are judgment debtors in the amount of $81,170,331.74. Non-parties Tracey Katzen and Lonie Glieberman are Bernard Glieberman's children. They each own a 49% share in Lontray Enterprises, L.L.C. ("Lontray"). The Trust has a 1% ownership in Lontray, and Bernard Glieberman is the manager. As such, he "make[s] distributions to Lonie Glieberman as a member of Lontray, consistent with his 49% interest." *Affidavit of Bernard Glieberman*, Doc. #110, Exhibit 1. He states that he makes similar distributions to Tracey Katzen. *Glieberman Affidavit*, Doc. #94, Exhibit A.

In the subpoenas, Plaintiff seeks information regarding Mr. Glieberman's and the Trust's financial status, including distributions from Mr. Glieberman to other entities (including Lontray, Tracey Katzen and Lonie Glieberman), and expenditures by other entities for the benefit of Mr. Glieberman from March 26, 2007 to the present.[1] In general, the documents requested in all three subpoenas include communications involving the entities' payments to or for Mr. Glieberman's benefit; payments by Mr. Glieberman or the Trust to other individuals or entities; transfers of assets between Mr.

---

[1] Plaintiff originally sought information going back nine years. However, it has narrowed the time frame to March 26, 2007 forward, and the information as to transfers, payments, loans, etc. to transactions of $100,000 or more. *Plaintiff's Response* [Doc. #99], p. 11. Michigan's Fraudulent Transfer Act, M.C.L. §566.39(a), provides for a six-year look-back period. Judgment was entered on March 26, 2012. In choosing a March 26, 2007 date, Plaintiff is apparently willing to forego one year of documents.

Glieberman or the Trust and other entities; compensation paid or received; and communications between the Defendants (and any entity beneficially owned by Defendants) and their accountant, Lazzara & Company.[2]

The Defendants and the Respondents have objected to production based on (1) irrelevance and overbreadth; (2) undue burden; (3) accountant-client privilege; and (4) disclosure of confidential information.

## II.     LEGAL PRINCIPLES RE: POST-JUDGMENT DISCOVERY

"[T]he scope of postjudgment discovery is very broad."  *Unites States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007), quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).  Fed.R.Civ.P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."  A judgment creditor is entitled to "a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.,* 160 F.3d 428, 430–31 (8th Cir.1998) (quoting *Caisson Corp. v. County West Bldg. Corp.,* 62 F.R.D. 331, 335 (E.D.Pa.1974)), and "the presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Id*.

Moreover, discovery as to non-parties is appropriate where "the relationship between [the judgment debtor and the non-party] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Id.,* 160 F.3d at 431 (quoting *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (S.D.N.Y.1977)).  *See also Mountain Dudes, LLC v. Split Rock, Inc*. 2013 WL 5435707, *3 (D.Utah 2013) ("[I]n order to successfully move for discovery against a nonparty the movant need not prove

---

[2] The specific document requests are appended to each of the three motions.

conclusively that the nonparty is an extension of the judgment debtor, but need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two.").

### III. DISCUSSION

#### A. Subpoena to Defendants

Notwithstanding their previously robust financial health, the Defendants contend that they do not now have significant assets that could be used to satisfy the judgment against them. As the above-cited cases make clear, the financial status of Mr. Glieberman and the Glieberman trust, including transfers of assets and receipt of benefits from other entities, is relevant to the bona fides of any transfers. Regarding their claim that the Plaintiff's requests are overbroad and burdensome, that concern is ameliorated by restricting the time frame to March 26, 2007 forward, and the information as to transfers, payments, loans, etc. to transactions of $100,000 or more.[3] Providing this information will no doubt entail some burden on the Defendants. However, whether a burden is "undue" depends on factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. Int'l Business Machine Corp.*, 83 F.RD. 97, 104 (S.D.N.Y. 1979). Plaintiff seeks to collect an 81 million dollar judgment. The requested material–as now narrowed–is highly relevant to that quest.

---

[3] Defendants' argument that the Plaintiff's requests are "vague and unintelligible" is a boilerplate objection that seems to find its way into virtually every discovery dispute. It is difficult for a party to narrow a request to very specific documents or communications when that party simply does not know what the opposing party has. A perusal of Plaintiff's requests shows that they are sufficiently focused and descriptive that Defendants should have little problem understanding and complying with them.

Defendants also claim accountant-client privilege as to documents in the possession of Lazzara, citing M.C.L. § 339.732. However, federal, not state law applies in this post-judgment proceeding, and Fed.R.Ev. 501 does not incorporate statutorily-created state law privileges such as the accountant-client privilege. *See In re Subpoena to Testify Before Grand Jury*, 787 F.Supp. 722, 723 (E.D. Mich. 1992) (rejecting claim of accountant-client privilege, holding that "Fed.R.Ev. 501 does not incorporate state statute-created privileges, but only those that exist in the common law."); *see also Miranda v. Consolidated Rail Corp.*, 571 F.Supp. 1255, 1257 (E.D. Mich. 1983) (relying on *Wm. T. Thompson Co. v. General Nutrition Corp.* 671 F.2d 100 (3rd Cir. 1982), which rejected the application of Pennsylvania's accountant-client privilege).[4]

There is no basis to quash the subpoena to the Defendants or to Lazzara.

### B. Subpoenas to Lonie Glieberman and Tracey Katzen

Lonie Glieberman and Tracey Katzen are Bernard Glieberman's children. They have shares in Lontay, as does Defendant Trust, albeit much greater shares. Bernard Glieberman is the manager of Lontay. He makes distributions from Lontay to both Tracey and Lonie, although he says that he does so only as part of his management duties, and only consistent with their interest in Lontay. Plaintiff has identified loans and/or real estate transactions between Bernard Glieberman and Tracey Katzen. In a written Correction to Oral Argument [Doc. #127], Mr. Glieberman's counsel states that subsequent to oral argument, he learned that "there were payments and/or credits from either Mr. Glieberman or his various entities to Lontray which were apparently

---

[4] Plaintiff correctly points out that this is a miscellaneous action to enforce a judgment rendered in the Eastern District of California. It is not a "civil case" that involves the application of a privilege to a "claim or defense." Thus, the section of Rule 501 that states, "But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision" is inapplicable.

repayments of loans."

Perhaps disbursements that Mr. Glieberman made to his children or to Lontay were legitimate, and not made in avoidance of judgment. However, Plaintiff is not bound by Mr. Glieberman's or his children's credibility, and it is entitled to discovery regarding transfers among these entities. There is a clear interconnection between Mr. Glieberman, his children, the Trust, and entities such as Lontay. The relationship "is sufficient to raise a reasonable doubt[5] about the bona fides of any transfer of assets between them." *Magnaleasing, Inc., supra*, 76 F.R.D. at 562. *See also, Falicia v. Advanced Tenant Servs., Inc.,* 235 F.R.D. 5, 9 (D.D.C.2006) (denying third party corporations' motions to quash bank record subpoenas where the same family owned the judgment debtor corporation and two subpoenaed third party corporations).

There is no basis to quash the subpoenas to Tracey Katzen or Lonie Glieberman.

### IV.    CONCLUSION

(1) Defendants' Motion to Quash Plaintiff's Second Subpoena *Duces Tecum* to Defendants [Doc. #93] is DENIED.

(2) Defendants' Motion to Quash Nonparty Subpoenas *Duces Tecum* to Tracey Katzen and Lazzara & Company ("Lazzara") [Doc. #94] is DENIED.

(3) Defendants' Motion to Quash Nonparty Subpoena *Duces Tecum* to Lonie Glieberman [Doc. #110] is DENIED.

---

[5] This is not to be confused with the "reasonable doubt" standard of proof that applies to criminal cases. Instead, Plaintiff "need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two." *Mountain Dudes, LLC, supra*, 2013 WL 5435707 at *3 .

                        13-50297
Cert. of Judgment Eastern District of California et al v. Glieberman et al

IT IS SO ORDERED.

Dated: December 10, 2013        s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 10, 2013, electronically and/or by U.S. Mail..

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable R. Steven Whalen