UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

      Plaintiff,                     No. 13-50297

v.                                   District Judge Paul D. Borman
                                      Magistrate Judge R. Steven Whalen

BERNARD GLIEBERMAN, ET AL.,

      Defendants.
                                   /

**OPINION AND ORDER**

Before the Court is Plaintiff's/Judgment Creditor's Emergency Motion Against Four Garnishee Defendants to Compel Production of Documents and for Sanctions Against Garnishee Defendants and Their Counsel [Doc. #242]. For the reasons discussed below, the motion GRANTED, except for the request for sanctions, which is DENIED.

**I.    FACTS**

At issue in this case is an Eastern District of California default judgment for $81,170,331.74 against Bernard Glieberman and the Glieberman Revocable Living Trust ("the Trust"), and in favor of Plaintiff BR North 223, LLC. The judgment was registered in the Eastern District of Michigan on February 26, 2013. Plaintiff issued four subpoenas *duces tecum* to Garnishee Defendants HRS Communities, LLC ("HRS"), Home Renewal Systems, LLC ("Renewal Systems"), Home Renewal Realty Georgia, LLC ("Renewal

-1-

Realty"), and Londonberry Residential, LLC ("Londonberry").

In response to the subpoenas, HRS, Renewal Systems, and Renewal Realty objected to Document Requests 7, 8, 9, and 12, and stated that "no such documents exist" as to the remaining requests. Londonberry also objected to Document Requests 7, 8, 9, and 12, and, according to Plaintiff, produced redacted documents in response to other requests.

The requests to which objections were made are as follows:

> 7.  Any and all bank records, including statements, of Garnishee from January 1, 2013 to present.
>
> 8.  Any and all ledgers, books or other statement of account reflecting payments and/or deposits of Garnishee from January 1, 2013 to present.
>
> 9.  Any and all federal tax returns filed by Garnishee for 2012, 2013 and 2014, through present, including all schedules, attachments, and requests for extension, if any.
>
> 12.  Any and all documents that reflect, refer or relate to communications about the Writs of Garnishment served upon Garnishee in this matter, and/or the Disclosures prepared and submitted in response thereto.

The Garnishee Defendants interposed the following objection to Document Requests 7, 8, and 9:

> Garnishee objects to *Duces Tecum* Request [] because it is overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Garnishee further objects to *Duces Tecum* Request [] because it calls for the disclosure of private, privileged, financial and confidential information.

Garnishee Defendant Londonberry interposed the following objection to

Document Request 12:

> Garnishee objects to *Duces Tecum* Request No. 12 because the request calls for information which is protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the same objection, the other three Garnishee Defendants stated that they had no documents responsive to Request No. 12.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. Rule 69(a) provides that the judgment creditor may obtain discovery from any person by resort to state discovery procedures. Under M.C.R. 2.302(B)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Under this Rule, Michigan has "an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case." *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich.App. 614, 616, 576 N.W.2d 709 (1998). *See also Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 36, 594 N.W.2d 455 (1999)("This state has a strong historical commitment to a far-reaching, open, and effective discovery practice.").

## III.   DISCUSSION

In this case, Tracey Katzen, Judgment Debtor Bernard Glieberman's daughter, executed the disclosures on behalf of each of the four Garnishee Defendants. In their response [Doc. #244], the Garnishee Defendants state that Ms. Katzen's trust "is the sole

member of each Garnishee." Londonberry has produced documents showing that Mr. Glieberman was an employee of Londonberry in 2013 and 2014. Mr. Glieberman has testified at a deposition that he works for Renewal Systems, his "daughter's company,", receiving a monthly salary of around $4,000 for advisory services. Given both the business relationship and the familial relationship between Mr. Glieberman and his daughter, who executed the garnishee disclosures, the requested tax and financial information is "relevant to the subject matter" of these proceedings.

Apart from the question of relevance, the Garnishee Defendants claim that the information to which they have objected constitutes "confidential business records that implicitly describe Garnishees' (A) unique and proprietary confidential business model by identifying persons with whom they conduct business, (B) potentially lucrative real estate transactions for past or future development, and/or (C) contain information relating to the compensation of other employees, agents and advisors of Garnishees." *Brief in Support of Response* [Doc. #244], at 1-2. However, the confidential nature of commercial information does not foreclose discovery as a matter of course. Rather, M.C.R. 2.302(C)(8) provides that a court may order that such information "be disclosed only in a designated way." The Judgment Creditors are not commercial competitors with the Garnishee Defendants, thus the risk of misuse of allegedly proprietary information is diminished. Nevertheless, the Garnishee Defendants' privacy concerns can be addressed by subjecting the production to an appropriate protective order that restricts its use and

further disclosure to the confines of these proceedings. The stipulated protective order entered on May 16, 2013 [Doc. #91] will suffice.

Finally, as to Document Request 12, any Garnishee Defendant asserting attorney-client or attorney work product privilege will provide Plaintiff with a detailed privilege log.

### IV. CONCLUSION

Accordingly, Plaintiff's motion [Doc. #242] is GRANTED, as follows:

(1) Garnishee Defendants' objections as to Document Requests 7, 8, and 9 are OVERRULED, and Garnishee Defendants will produce the requested documents forthwith.

(2) Garnishee Defendants will produce unredacted versions of previously produced documents, except as to any information as to which attorney-client or attorney work product privilege is claimed.

(3) All discovery produced pursuant to this order shall be subject to the terms of the stipulated protective order entered on May 16, 2013 [Doc. #91].[1]

(4) If Garnishee Defendants assert attorney client or attorney work product privilege as to any information, they shall provide a detailed privilege log.

Plaintiff's/Judgment Creditor's request for sanctions is DENIED.

---

[1] The protective order was directed at information produced by the Judgment Debtors. While incorporating the substantive terms of the stipulated protective order, the present order is directed at information produced by the Garnishee Defendants.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 25, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager