UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

        Plaintiff,                  Case No. 13-MC-50297

v.                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

BERNARD GLIEBERMAN, et al.,        R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

        Defendants

and

LONTRAY ENTERPRISES, LLC,

        Proposed Intervening Defendant.
_____/

## RULING DENYING PROPOSED INTERVENOR LONTRAY'S REPRESENTATION BY THE JAFFE, RAITT, HEUER & WEISS LAW FIRM

Now before the Court is Lontray Enterprises, LLC's Motion for Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1. (ECF No. 368.) For the reasons set forth below, the Court denies Lontray's Motion for Indicative Ruling.

## I. BACKGROUND

On March 17, 2016 Lontray Enterprises, LLC, proposed intervening defendant, filed a claim of appeal with the U.S. Court of Appeals for the Sixth Circuit from this Court's Opinion and Order Denying Lontray's Motion to Intervene filed through representation by its newly hired law firm, Jaffe, Raitt, Heuer & Weiss ("Jaffe"), because a Jaffe lawyer listed on the pleading requires this Court to recuse itself from this over two year old case based on a relationship between that Jaffe law partner and this Court's law clerk that has been working on this case for over two years.

Significant facts:

1.    This case was filed in 2013.  The same law clerk has been working on this case since its

        inception.

2.    In a companion case also assigned to this Court, *BR North 223, LLC v. Glieberman, et*

        *al.*, case no. 14-14488, Lontray has been represented by a different law firm, Ellias &

        Elias, P.C. since 2014.

3.    Lontray filed the present motion to intervene in this case, not using its previous law firm

        in the companion case, but instead hiring a new law firm, Jaffe.

## II. DISCUSSION

The Court does not reach the merits of Lontray's Motion to Intervene; the Court rules

that Lontray cannot be represented on its Motion to Intervene by Jaffe, because of a relationship

between a Jaffe attorney and the Court law clerk that has been working on the case since 2013.[1]

The Court bases its ruling to prevent the Jaffe firm from representing Lontray Enterprises

---

[1]  The Court notes that the Sixth Circuit has held:

Regarding intervention of right, we have interpreted Rule 24(a) as establishing
four elements, each of which must be satisfied before intervention as of right will
be granted: "(1) timeliness of the application to intervene, (2) the applicant's
substantial legal interest in the case, (3) impairment of the applicant's ability to
protect that interest in the absence of intervention, and (4) inadequate
representation of that interest by parties already before the court."   *Michigan
State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997); *see Grutter v.
Bollinger*, 188 F.3d 394, 397-98 (6th Cir.1999) (same). "Failure to meet [any] one
of the [four] criteria will require that the motion to intervene be denied."  *Grubbs
v. Norris*, 870 F.2d 343, 345 (6th Cir.1989).

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000). The present action has been
pending since 2013.  The companion case, which involves allegations of fraud was filed by BR
North 223 in 2014 against Defendant Bernard Glieberman as well as the now proposed
intervenor, Lontray.

2

on the law clerk/partner's close friendship.  Canon 3F of the Code of Conduct for Judicial

Employees, titled "Conflict of Interest" states:

> (1) A judicial employee should avoid conflicts of interest in the
> performance of official duties.  A conflict of interest arises when a
> judicial employee knows that he or she might be so personally . . .
> affected by a matter that a reasonable person with knowledge of
> the relevant facts would question the judicial employee's ability
> properly to perform official duties in an impartial manner.

Code of Conduct for Judicial Employees, JNET available at,
http://jnet.ao.dcn/policy_guidance/guide_judiciarypolicy/volume_2_ethics_and_judicial_conduc
t/part_codes_conduct/ch_3_code_conduct_judicial_employees (last visited on March 24, 2016).

The Court further finds that erecting a wall between that attorney from further work on

this case does not solve the issue of appearance of a conflict of interest, because the pertinent

Jaffe attorney is a partner in the firm and thus shares in its profits.

Finally, it would be a significant burden on the Court and the process of this case to

remove the law clerk from continuing work on this case.

### III. CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 62.1 the Court rules on the Indicative Ruling

requested by Lontray/Jaffe in Doc. #368, 3/18/16, that it will not grant the Jaffe Firm's request to

Represent the Proposed Intervenor based on the walling off of the Jaffe partner from this action.

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2016

3

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2016.

s/Deborah Tofil
Case Manager