UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

       Plaintiff,                                  Case No. 13-MC-50297

                                                Paul D. Borman
v.                                              United States District Judge

BERNARD GLIEBERMAN, ET AL.,        R. Steven Whalen
                                                United States Magistrate Judge
       Defendants

and

LONTRAY ENTERPRISES, LLC,

       Proposed Intervening Defendant.
_____/

ORDER (1) GRANTING PROPOSED INTERVENOR LONTRAY ENTERPRISES, LLC'S MOTION FOR RECONSIDERATION (ECF NO. 374); (2) VACATING THE PREVIOUS ORDER DENYING THE MOTION FOR INDICATIVE RULING (ECF NO. 372); AND (3) GRANTING MOTION FOR INDICATIVE RULING (ECF NO. 368)

       Now before the Court is Proposed Intervenor Lontray Enterprises, LLC's Motion for Reconsideration of this Court's March 24, 2016 Order Denying the Motion for Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1. (ECF No. 374.)

       Lontray's Motion is brought under E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for

reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

On March 24, 2016, this Court denied Lontray's Motion for an Indicative Ruling finding that walling off Attorney David Adler would not cure the perceived conflict because Mr. Adler was a partner who shared in the profits of the Jaffe law firm. *See*, Jaffe Raitt & Heuer Law Firm, http://www.jaffelaw.com/en/people/DavidAdler.aspx (Last visited on April 4, 2016) (providing that Mr. Adler is a partner). Lontray notes in its motion for reconsideration that Mr. Adler is a non-equity member of the Jaffe law firm and does not share in its profits. The Court finds that its previous order was, therefore, based on a "palpable defect" and will grant Lontray's Motion for Reconsideration.

Accordingly, the Court GRANTS Lontray's motion for reconsideration and will vacate its previous order denying the Motion for Indicative Ruling. The Court will also GRANT Lontray's Motion for an Indicative Ruling pursuant to Rule 62.1 and states that if the Jaffe, Raitt law firm removes attorney Mr. Adler from the file and erects conflict barriers so that he will have no further involvement with this case it would vacate its order denying Lontray's motion to intervene based on that conflict and revisit the motion to intervene on its merits.

IT IS SO ORDERED.

                                               s/Paul D. Borman
                                               PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

Dated: April 4, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2016.

                s/Deborah Tofil
                Case Manager